Dear Mr. Myles:
We are in receipt of your request for an Attorney General's Opinion on behalf of the proposed Zachary Community School Board, as follows:
 Act No. 1403 and 1027 of the 1999 Regular Legislative Session established R.S. 17:64 and 17:64.1, and provided for the following:
 1. R.S. 17:64, which provided for the establishment of the Zachary Community School Board and established the boundaries.
 In the act, the interim school board members were to be appointed by the governor, but elections according to B(2) were to take place `at the time and place of voting for members of congress in 2000'.
 We missed this date because the Federal Justice Department did not give us clearance.
 The first question that the interim board has is whether or not this date is mandatory or does it mean that we go to the next reasonable date which would be the election on the 7th day of April, 2001?
 2. R.S. 17:64.1 refers to the same dates, and establishes that the interim school board shall call for the election.
Thus, you seek our opinion on the issue of whether or not an April 7, 2001 vote would be proper or if legislative action is necessary.
Louisiana Acts, No. 1403, of the 1999 Regular Session provided for a Constitutional Amendment to provide for the Zachary community school system in East Baton Rouge Parish. It was ratified by the electorate at the November 20, 1999 gubernatorial general election. Louisiana Acts, No. 1027, of the 1999 Regular Session enacted R.S. 17:58.2(G), 64 and 64.1 to provide for the Zachary community school system. The act was contingent upon the approval of Act No. 1403 (1999). Another contingency was the administrative or judicial approval of the law under the 1965 Voting Rights Act, as it is a change with respect to voting. Administrative approval was recently received by the U.S. Department of Justice on October 23, 2000, and thus, Act 1027 (1999) may be implemented in accordance with the law.
With respect to elections of the members of the school board, the law at R.S. 18:64 provides:
 B. (1) By not later than January 15, 2000, the governing authority of the city of Zachary shall develop and adopt a plan to divide the Zachary community school system into nine single-member districts from each of which one member of the Zachary Community School Board shall be elected. The districts shall be drawn in a manner such that each member of the Zachary Community School Board represents as nearly as possible the same number of persons, using population figures from the latest federal decennial census, and shall be effective in time for qualifying for office for a special election for school board members to be held at the time and place of voting for members of congress in 2000. School board members elected at this time shall take office at noon on the second Monday in January next following the election and serve until the taking of office of the school board members elected as provided in Subsection C of this Section.
 * * *
 C. Except as otherwise provided in Paragraph B(1) of this Section for the initial elected members of the board, each member of the Zachary Community School Board shall be elected at the time and place provided by law generally for parish school board members. The members of the Zachary Community School Board elected in 2002 shall assume office as otherwise provided by law generally for parish school board members and such members and their successors in office shall serve for four-year concurrent terms.
It has been and remains our opinion that the Election Code controls with regard to the dates of elections. Atty. Gen. Op. Nos. 00-71, 99-390, 98-2 and 77-7. In that regard, R.S. 18:402(E) provides for dates to fill newly created offices at special elections, wherein there are at least 11 weeks between the proclamation calling the special election and the election. The dates for the next available special elections in the year 2001 are as follows: April 7, 2001 (primary election), May 5, 2001 (general election) and October 20, 2001 (primary election), November 17, 2001 (general election).
Act 1027 (1999) further provides for an interim school board, in R.S. 17:64.1, with the following pertinent powers:
 E. The interim school board shall adopt rules, regulations, and procedures consistent with law to effectuate this Section and to administer the duties, functions, and responsibilities of the interim board. Additionally, the interim school board shall call for a special election to elect the initial members of the Zachary Community School Board. It shall be held at the time and place of voting for members of congress in 2000. (Emphasis added).
We recognize that the congressional election of 2000 has passed and it was legally and practically impossible to conduct the special election for the initial members of the Zachary Community School Board at that time. Thus, it is our opinion that since the interim board has the power to call a special election, it may do so in compliance with the Louisiana Election Code, specifically R.S. 18:402(E), as discussed above.
Trusting that this opinion addresses all of your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb